[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by Raymond and Eileen Anderson of Fairfield. Connecticut from the compensation award of $75,000 by the Bridgeport Redevelopment Authority (BRA) in the taking of the Anderson property by eminent domain. The premises involved are bounded and described as follows:
ALL THAT CERTAIN PIECE OR PARCEL OF LAND, together with the buildings and improvements thereon standing, situated in the City of Bridgeport, County of Fairfield, and State of Connecticut and being known and designated as Lot No. 26 on map belonging to the Estate of Mary Wood on file in volume 3, page 13, of map in the Bridgeport Land Records, said lot being bounded and described as follows, to wit:
NORTH: On Putnam Street, forty-five (45) feet; CT Page 13436-z
EAST: On land now or formerly of John Plichta, Lot No. 27 on said map, 156.02 feet;
SOUTH: On land now or formerly of George Spodnik, Lot No. 29 on said map, 45 feet;
WEST: On land now or formerly of John Slanina, Lot No. 25 on said map, 156.03 feet.
This property, a three story six unit apartment, was bought by the Andersons in 1984 as an investment. They proceeded to improve the property over the years to the extent of $26,894 as indicated in the appellants Exhibit A. According to Anderson, on the date of taking, the building consisted of two apartments on each floor, five of the apartments being rented for $325.00 per month and the sixth at $395 per month, amounting to a yearly rental income of $24,340.
Testifying for the appellant was appraiser, Frank Brennan, who testified that the highest and best use for the property was a six family apartment and using the capitalization of income approach, arrived at a fair market value as of the date of taking $182,950.
Testifying for the appellee (BRA) was appraiser, Peter Vimini, who agreed with Brennan's opinion as to the highest and best use, and using both the capitalization and comparable sales approval aimed at a fair market value as of the date of taking of $82,000. It is interesting that in his comparable sales approach, Vimini arrived at a fair market value of 386, 000 as opposed to his capitalization approach of $82,000. Vimini opined that great weight should be given to the capitalization approach to value.
Obviously, the difference between market values expressed by the appraisers is the result of the use of different income figures, different expense figures, resulting in different Pet income, and, finally, different capitalization figures.
Appellant's counsel, in his brief, asserts that the only valid rental figures total $2,190 monthly, or $26,280 annually, although Brennan states $27,600. Deducting $7,505 as appellants claimed expenses leaves a net figure of $18,775 annually which capitalized at 10% results in market value of $187,775. This is slightly more than Brennan's appraisal and the appellant's claim of $182,950. CT Page 13436-aa
For the appellee, Vimini using market data rather than actual figures, estimated potential gross income of $30,000. Deducting as expenses, again using market data in addition to certain fixed expenses such as taxes, Vimini arrived at a net operating income of $10,631. Capitalizing this figure at a rate of 12.9%, he arrived at his opinion of subject property's market value of S82, 410.
In this income approach, Vimini did not use actual figures for his rental income and expenses (except for fixed expenses) but figures based on average market data. It is this court's opinion that the income approach should be based on actual figures.
With respect to the appellant's claims, the court feels that there is much to be desired. Their present claim is that gross rentals amounted to $27,600 and total expenses to $8,891.00 leaving a net income of $18,295. These figures are contra to the sworn testimony of Anderson who testified that the rentals totaled $2,020 monthly or $24,240 annually and are certainly contra to Anderson's 1998 tax returns which show gross rental income of $20,327 and expenses of $19,045, without considering items such as common rental expenses and carry forward loss. This also contra to the list of expenses given to Vimini in October 1998.
The appellant in his brief argues that any figures from 1998 are meaningless, but the short answer is that both appraisal reports are as of 1998.
Giving the appellants credit for all doubt, the court finds that gross rentals amounted to $20,327. Expenses total as follows:
 Taxes $2,791 Insurance 3,148 Electricity 300 Water (UPCA) 2,002 Exterminating 30 Landscape etc. 804 Vacancy 484
Total $9,559
Net income therefore totals $10,368. At a capitalization rate of 10% because it was used for years, the court finds the fair market value of subject property to be $103,680.
The defendant has filed a deposit in court of $75,000 which was CT Page 13436-ab withdrawn by appellants leaving a balance of $25,680 to be paid with interest at the statutory rate of 10% from date of taking to date of payment together with an appraisal fees of $4,230 and $750 for testimony.
Judgment may enter accordingly.
Belinkie, Judge Trial Referee